# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Patricia E. Matthews

   v.

Maryview Hospital etc.

October 25, 2007

Case No. CL07-1401

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon a motion to compel the production of certain reports made in the course of the plaintiff's treatment at the hospital. For the reasons stated hereafter the court does grant the motion and requires production.

The items at issue are a "Medication Quality Care Report" and the transcript of statements made to hospital management by Wanda Newton, L.P.N., and Maritza Aliaga, R.N. A claim of privilege pursuant to Virginia Code §§ 8.01-581.16 and 8.01-581.17 is raised as to all three items and a "work product doctrine" claim is made as to the two statements.

*Statutory Privilege*

Chapter 21.1 of Title 8.01 of the Code of Virginia contains a number of statutes that are specifically designed to address issues that may arise in medical malpractice actions.

Section 8.01-581.17 is a specialized protection that allows hospitals to establish committees to collect and review various types of data for the purpose of improvement of patient care and safety. Thus subpart D provides in part:

reports or patient safety data in possession of a patient safety organization . . . shall be privileged and confidential and shall not be subject to a civil, criminal, or administrative subpoena. . . .

Subpart C does, however, place a significant caveat on the privilege:

Nothing in this section shall be construed as providing any privilege [for] . . . medical records kept with respect to any patient in the ordinary course of business of operating a hospital . . . nor shall this section preclude or affect discovery. . . .

This court had the opportunity to visit this issue about a year ago and observed at the time the lack of Virginia Supreme Court authority but a variety of circuit court cases ruling both ways. In finding that the statutory privilege did not apply I took a "strict definitional construction" approach. Since the issuance of that opinion the Supreme Court has decided *Riverside Hosp. v. Johnson*, 272 Va. 518 (2006), which also adopts the strict definitional rule. The facts in this case are almost identical to our facts and thus it determines our issue.

The deliberative process involving evaluation of patient safety . . . [and improvement] . . . both necessarily begin with factual information of patient care incidents occurring within the . . . facility. The use of this factual information . . . in the peer review . . . process alone is insufficient to automatically cloak such information with the protection of non-disclosure. Factual patient care incident information that does not contain . . . any committee discussion or action . . . is not the type of information that must "necessarily be confidential" . . . Rather such information is the type contemplated by subsection (C) of Code § 8.01-581.17, which the General Assembly has specifically instructed should not be brought within the scope of . . . privilege under any other part of this section.

*Riverside*, p. 533.

The court has conducted an *in camera* review of the items and finds that they are factually related to the patient/plaintiff, contain no committee discussion or action and are therefore not entitled to the statutory privilege.

.

## Work Product Doctrine

A second argument of privilege is directed to the "work product doctrine." We must also consider this issue because finding the statutory privilege inapplicable does not preclude this rule from protecting the material from disclosure.

On October 16th, this court issued a published opinion dealing with "work product doctrine" in another matter. Nothing has come from the Supreme Court in the last few days to change my view of the appropriate legal standard. As I noted in the prior opinion, the "case by case" rule seems to allow flexibility so each matter can be evaluated upon its own facts and circumstances. For an in depth discussion of all three rules, see *Wilson v. Norfolk & Portsmouth Belt Line RR.,* 69 Va. Cir. 153, 174-75 (Portsmouth, 2005) (*per* Davis, J.).

Applying the case by case rule to our facts, we note the following: (1) the reports in question were made in the ordinary course of business; (2) no litigation was pending nor had any been threatened; (3) the "Medication Quality Care Report" was generated for safety and improvement purposes.

While an argument could be made that every event that endangers a patient as a result of possible negligent treatment may end in litigation, the opposite may also be true. Obviously it is important to preserve information for the future "just in case," but there are other good reasons to collect this information. Every health care provider should be concerned about the prevention of error and the development of management systems to facilitate that end. Indeed part of the data submitted for review has a quality control component.

Balancing this "business purpose" against the preparation of material in contemplation of litigation, the court is of the opinion that the material was prepared primarily for management purposes. In this matter, there was no litigation nor any lawyer threatening such at the time of preparation of the material. To find a "work product doctrine" privilege requires the court to speculate. While we obviously now are involved in litigation, the use of "hindsight" is not an appropriate method. Applying a "reasonable person" test, I cannot come the conclusion that litigation was probable. Thus the material in question shall be subject to discovery.

As an aside, the court was advised that it is possible that some of the material sought contains highly personal information, such as social security numbers, personal residence addresses, etc., and, while the material shall be produced, counsel is directed to take appropriate steps to safeguard this information from public dissemination.

The material submitted for *in camera* review will remain sealed in the court's file.